UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Fashun Burgess #374174,<br>       Petitioner,<br><br>vs.<br><br>Warden Wilfredo Martel,<br>       Respondent.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A No. 4:25-13293-CMC-TER<br><br><br><br>Report and Recommendation |

Petitioner, a state prisoner, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (2)(c) DSC. Having reviewed the petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## DISCUSSION

In October 2017, in Florence County, after a trial, Petitioner was convicted of trafficking and "firearms provision."[1] On October 24, 2017, Petitioner filed a direct appeal of the convictions. On June 24, 2019, the South Carolina Court of Appeals issued the remittitur dismissing the appeal. On May 11, 2020, Petitioner filed a PCR in the lower court. The lower court dismissed the PCR on July 18, 2022. Petitioner argues counsel did not tell him until three years later. Petitioner fails to allege that he has requested a belated appeal from the state court so he can exhaust. Petitioner did not file any letters with state court himself until May 2025. Petitioner did not make any additional filings the

---

[1] *See generally*, https://publicindex.sccourts.org/florence/publicindex/(with search parameters limited by Petitioner's name). The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. Nov. 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

month he discovered his PCR decision but waited until November to file an action in this federal court.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996.  The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972).  Even under this less stringent standard, the petition is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387, 390-91 (4th Cir. 1990).

With respect to his convictions and sentences, Petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which remedies can be sought only after the petitioner has exhausted his state court remedies.  "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas.  Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)); *see also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Picard v. Connor*, 404 U.S. 270 (1971).

2

It is well-settled that state prisoners must exhaust all available state-court avenues for challenging their convictions before they seek habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1). Section 2254 generally forbids federal courts from granting collateral relief until prisoners have "fairly presented" their claims in each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 27 (2004); *see also Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) ("The exhaustion requirement ... serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights."); *Stewart v. Warden of Lieber Corr. Inst.*, 701 F. Supp. 2d 785, 790 (D.S.C. 2010) (noting that "a federal habeas court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them"). To satisfy his burden, Petitioner must show that both the operative facts and the controlling legal principles were presented to the highest state court. *Gordon v. Braxton*, 780 F.3d 196, 201 (4th Cir. 2015).

Petitioner has not satisfied the statutory burden and must request from the appropriate state court, not this federal court, for permission for a belated appeal of his PCR. *See Austin v. State*, 409 S.E.2d 395 (S.C. 1991); *Odom v. State*, 523 S.E.2d 753, 756 (S.C. 1999).

Because appellate review of the PCR court's decision is necessary to show exhaustion in South Carolina, Petitioner's federal habeas claims are unexhausted at this stage. *See Braveboy v. James*, No. 8:20-cv-03486-TMC-JDA, 2020 WL 8713682, at *3 (D.S.C. Nov. 10, 2020), *adopted*, 2021 WL 423410 (D.S.C. Feb. 8, 2021); *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (noting that state prisoners must invoke "one complete round of the State's established appellate review process"). Thus, it is recommended that Petitioner's habeas Petition be dismissed so that he may attempt exhaustion(possibly through permission for a belated PCR appeal) of his state-court

remedies as required under 28 U.S.C. § 2254(b)(1). *See, e.g., Goss v. Williams,* No. 2:18-cv-2938-BHH, 2020 WL 502635, at *2 (D.S.C. Jan. 31, 2020), appeal dismissed, 814 Fed. Appx. 776 (4th Cir. 2020) (dismissing pro se § 2254 petition for failure to exhaust state remedies); *Braveboy*, 2020 WL 8713682, at *3 ; *Washington v. Cartledge*, No. 4:08-cv-04052-PMD, 2010 WL 1257356, at *2 (D.S.C. Mar. 29, 2010); *Young v. Warden of Perry Corr. Inst.*, No. 2:20-CV-03974-RMG-MGB, 2021 WL 2210800, at *3 (D.S.C. May 13, 2021), *report and recommendation adopted*, 2021 WL 2210712 (D.S.C. June 1, 2021).

## RECOMMENDATION

Accordingly, it is recommended that the § 2254 petition be summarily dismissed *without prejudice and without requiring the respondent to file a return.* Petitioner may refile his § 2254 petition with the Court after he has exhausted his state court remedies. The undersigned reminds Petitioner to be mindful of the statute of limitations applicable to this action. *See* 28 U.S.C. § 2244(d).

January 22, 2026  
Florence, South Carolina

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

**Petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).